**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| **TRENTON STOCKYARD SALES, LLC** )<br>)<br>       **Plaintiff,**     )<br>)<br>**v.**                                     )<br>)      NO. <u>1:09-cv-1129</u><br>**WARD ROBINSON d/b/a**     )<br>**WARD LIVESTOCK AUCTION** )<br>**and GREG COX**              )<br>)<br>       **Defendants.**         ) | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT**

Plaintiff has moved for a default judgment against Defendant Ward Robinson pursuant to Rule 55 of the Federal Rules of Civil Procedure (DE 10). A complaint against Defendant was filed on May 27, 2009. Defendant was served with process on June 5, 2009. Default was entered against Defendant on July 14, 2009. As of this date, Defendant has not filed an answer or otherwise responded to the complaint. Plaintiff seeks the outstanding balance of $22,500.57 due from a livestock sale, plus pre-judgment and post-judgment interest. This matter has been referred to the Magistrate Judge for determination and/or report and recommendation (DE 11). For the reasons that follow, the Magistrate Judge recommends that the Motion for Default Judgment be granted.

If a defendant fails to plead or defend as required by the Rules, the clerk or judge may enter default upon a plaintiff's request. Rule 55(a); <u>Shepard Claims Service, Inc. v. William Darrah & Associates</u>, 796 F.2d 190, 194 (6th Cir. 1986) (When a defendant fails to file a

responsive answer, he is in default, and an entry of default may be made by either the clerk or the judge.) Then, if no hearing is needed to ascertain damages, judgment by default may be entered. Rule 55(b). United Coin Meter Co., Inc. v. Seaboard Coastline RR., 705 F.2d 839, 844 (6th Cir. 1983) (citing Meehan v. Snow, 652 F.2d 274 (2nd Cir. 1981).

When a court determines that a defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P. 8(d); Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* 2688.  Therefore, after receiving a default, plaintiff must still establish the extent of damages to which he is entitled.  Kelley v. Carr, 567 F. Supp. 831, 841 (W.D. Mich.1983).  However, if the damages sought by the plaintiff are a sum certain or a sum that can be made certain by computation, judgment will generally be entered for that amount without an evidentiary hearing. Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* 2688.

In the present case, Plaintiff asserts that Defendant Robinson purchased livestock for the price of $32,500.57 on a commission basis from Plaintiff for the account of Defendant Greg Cox. This purchase agreement is attached as Exhibit A to Plaintiff's Complaint.  Plaintiff did not receive any payment for the livestock until April 10, 2009, when Liberty Bank of Arkansas paid Plaintiff $10,000 pursuant to the terms of its trust agreement with Defendant Robinson.  Thus there is an outstanding balance of $22,500.57 for the livestock purchased from Plaintiff on June 25, 2008.

Plaintiff seeks to recover the outstanding balance of $22,500.57, plus the interest that has accrued on the unpaid amount of $32,500.57 between the date of sale and April 10, 2009, and the interest that has accrued on the unpaid amount of $22,500.57 since April 10, 2009.  Plaintiff also

seeks post-judgment interest.  Because the amount sought can be made certain by computation, the Magistrate Judge does not find that a hearing to determine damages is necessary, but recommends that, upon Plaintiff's attorney's submission of an affidavit stating the amount of damages that Plaintiff is entitled, the Court grant Plaintiff's Motion for Default Judgment.

**s/Edward G. Bryant**
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

**Date: October 13, 2009**
